(62 Misc. Rep. 439.)

### In re SCHLEGEL'S WILL.

#### (Surrogate's Court, Kings County.    February, 1909.)

WILLS (§ 111*)—EXECUTION—SIGNATURE.

 A will was drawn on a printed blank, and in the body of it were the words "continued on other side," where directions were written for the disposition of the estate. The testator signed his name at the beginning in the space intended for the recital of his name, and at the bottom of the second page, but did not sign in the place intended for signature; but the notary signed there, and the attestation clause followed his signature. *Held*, that the will could not be admitted to probate.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 268; Dec. Dig. § 111.*]

In the matter of the probate of the will of William Schlegel, deceased.    Probate denied.

Leon Forst, for proponent.
Joseph A. Kennedy, special guardian.

KETCHAM, S.    Probate must be denied.    The propounded paper consists of two pages.    The first contains the form of a will upon a printed blank, in the body of which are written the words "continued on other side."    The other page is filled with directions for the disposition of property after death.    At the end of the attempted will on the first page there is no signature by the decedent.    In the place in which such signature might be looked for the notary who drew the will has written his own name, with the initials "N. P.," indicating his office. Subjoined to this signature is a printed attestation clause, signed by two witnesses, who certify that William Schlegel, the supposed testator, has subscribed the foregoing will, and declared it to be his 'will, and has requested them to sign as witnesses.    In the blank space at the opening of the will for the recital of the name of the testator, the decedent has written his name.    At the end of the second page the decedent has again written his name; but it is not attended by any signature of witnesses.

 Thus it appears that the notary has permitted the deceased to sign in every place where his signature has no testamentary value or efficacy, and has himself signed in the one place where his misguided employer should have signed.    The grotesque result is an instrument which, while it plainly tells what the decedent wanted to do and tried to do with a substantial estate, forbids the fulfillment of his affectionate purpose, and leaves the disposition of his fortune dependent only upon the blunders of an incompetent, who had no business to attempt a will.

 Probate denied.